UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STODDARD BROTHERS LLC, an Idaho limited liability company<br><br>                              Plaintiff,<br><br>     v.<br><br>PNWCM LLC et al, a Washington limited liability company; DOUGLAS KONOLD and ANGELA KONOLD, individually and the martial community comprised thereof,<br><br>                              Defendants. | NO. 2:25-CV-448-TOR<br><br>ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Entry of Default Judgment (ECF No. 11).  This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Entry of Default Judgment (ECF No. 11) is DENIED with leave to renew.

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 1

# BACKGROUND

This case arises out of claims of fraudulent representation, breach of contract, estoppel, and Quantum Meruit.  ECF No. 1 at 8-15.  Plaintiff alleges the following facts pursuant to their Complaint.  Plaintiff agreed to form a joint venture, Dig Deep Capital, to contribute to an Atlas Copco PV271 drill.  ECF No. 1 at 3-4.  Plaintiff provided Defendant Douglas Konold with a loan of $1,000,000 to fund the purchase of any necessary parts and upgrades.  *Id.*  Additionally, after Douglas Konold requested, Plaintiff provided an additional $200,000 for PNWCM and Douglas Konold to purchase a shop.  ECF No. 1 at 4.

In either late fall or early winter of 2024, Douglas Konold told Plaintiff that a buyer was interested in the drill, but the buyer requested modifications and upgrades in the estimated amount between $300,000 and $400,000.  ECF No. 1 at 4.  Douglas Konold provided Plaintiff with an invoice exhibiting the amount of $2,650,000 from Defendant PNWCM to EPRIOC Canada SRD Surface ("EPIROC") dated January 1, 2025.  ECF No. 1 at 4-5.

Plaintiff continuously provided additional loan amounts.  ECF No. 1 at 5.  For example, Plaintiff provided Douglas Konold a loan for heavy equipment in Panama for approximately $350,000 to be resold in the United States for an approximate profit of $1,000,000.  *Id.*  Plaintiff inquired about the EPIROC payment.  ECF No. 1 at 5-6.  Douglas Konold indicated that it was delayed but that

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 2

he would make the $55,000 monthly rental payments until the sale with EPIROC was completed. ECF No. 1 at 5-6.

In July 2025, PNCWM executed a promissory note for $2,000,000 including the additional loan amounts for the shop, repair costs of the drill, the upgrades and modifications to the drill, and purchase of heavy equipment from Panama. ECF No. 1 at 6. Donald and Konold personally guaranteed the full amount and labeled it reflecting the purchases. *Id.*

However, in August 2025, Defendant PNWCM paid Plaintiff $20,000 of the $55,000 monthly rent amount for the drill. ECF No. 1 at 6. The next month, Defendant PNWCM did not pay anything toward the rent. ECF No. 1 at 7. After that, Plaintiff contacted a Business Line Manager for EPRIOC, Chris Graves, inquiring whether EPRIOC had possession of the drill. ECF No. 1 at 7. Graves confirmed that EPRIOC did not have possession of the drill. ECF No. 1 at 7. With that knowledge, Plaintiff believes that Defendant PNWCM and Douglas Konold never purchased the drill, intended to sell it to EPIROC, executed the modifications and upgrades to the drill, purchased the shop, or bought or received the heavy equipment from Panama to resell. ECF No. 1 at 7. Defendants refuse to repay Plaintiff. ECF No. 1 at 8. As a result, Plaintiff filed this suit. ECF No. 1.

The Clerk of Court entered an Order of Default regarding PNWCM, LLC, Douglas Konold, and Angela Konold because they have failed to answer, plead,

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 3

obtain counsel, or otherwise defend their claim.  ECF No. 8.  This case was filed on November 7, 2025.  ECF No. 1.  It is March of 2026, and Defendants have not responded to this lawsuit.  On February 10, 2026, Plaintiff moved for entry of default judgment against Defendants.  ECF No. 11.

**DISCUSSION**

Under Federal Rule of Civil Procedure 55, default judgment may be obtained by following a two-step process.  FED. R. CIV. P. 55.  Step one is entry of default and step two is entry of default judgment.  *Id.*

First, a party must either file a motion for entry of default or obtain a Clerk's Order of Default.  FED. R. CIV. P. 55.  Second, the party must file a motion for default judgment.  FED. R. CIV. P. 55; LCivR 55.  After that, to receive a default judgment, the moving party must either by declaration or affidavit "(A) specify whether the party against whom judgment is sought is an infant or an incompetent person and, if so, whether that person is represented by a general guardian, conservator, or other like fiduciary; and (B) attest that the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-597b, does not apply."  LCivR 55(b)(1).

Furthermore, under Rule 55(b), the clerk may enter default judgment "for a sum certain or a sum that can be made certain by computation" or in all other cases by the court after the party applies for default judgment.  FED. R. CIV. P. 55(b).

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT ~ 4

The Court may require additional evidence to ensure the award amount is appropriate and correct. FED. R. CIV. P. 55(b)(2).

Plaintiff completed both steps. After Plaintiff moved for an Entry of Default as to Douglas and Angela Konold, the Clerk of Court entered an Order of Default on January 13, 2026. ECF No. 10. Plaintiff filed a declaration in accordance with LCivR 55(b)(1). ECF No. 8 at 3. On February 10, 2026, Plaintiff moved for entry of default judgment against Defendants Douglas and Angela Konold. ECF No. 11.

Default judgment is "an extreme measure" and is generally disfavored because cases are preferably decided on the merits. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). As a result, the Court must consider specific factors when exercising discretion for entry of default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

A. Possibility of Prejudice to the Plaintiff

Plaintiff appropriately followed court procedures and demonstrated an intent to defend their rights. Without an entry of default judgment, Plaintiff may not be able

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 5

to receive a fair remedy or justice.  This factor weighs in favor of an entry of default judgment.

B. Merits of Plaintiff's Substantive Claim

After reviewing Plaintiff's Complaint, it appears that Defendants personally guaranteed a repayment of Plaintiff's loan, which Defendants have not paid back. ECF No. 1.  Additionally, Plaintiff alleges claims that Konold provided information and facts to Plaintiff that were fraudulent because there is no indication that Konold ever completed or intended to complete any of the agreed upon actions.  ECF No. 1 at 7-8.  For example, Plaintiff alleges there is no indication that a sale to EPIROC was completed or that the drill or heavy equipment was obtained or purchased.  ECF No. 1 at 7.  Additionally, Plaintiff sufficiently alleges facts to exhibit Plaintiff provided Konold a loan, Defendants Douglas and Angela Konold personally agreed to pay this loan back with a promissory note and ultimately failed to repay.  ECF No. 1.  Naturally, the Court only has Plaintiff's alleged events.  However, based on the claims, this factor favors an entry of default judgment.

C. Sufficiency of the Complaint

The analysis of this factor falls closely to the analysis of the previous factor. *See Liberty Mut. Ins. Co. v. Contractors Nw. Inc.*, 2020 WL 5848663, at *3 (E.D. Wash. Oct. 1, 2020).  Plaintiff alleges sufficient facts for the claims.  Additionally,

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 6

Plaintiff attached the promissory note and invoice alleging the sale of the drill to EPICOC. ECF No. 1 at 17-21. However, Plaintiff does not provide further evidence exhibiting his loan to Defendants, agreement of the joint venture, rental payments, etc. This does not weigh in favor or against an entry of judgment.

D. Sum of Money at Stake in the Action

This factor considers the amount of money at stake "in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enter., Inc.,* 725 F.Supp.2d 916, 921 (N.D.Cal. 2010)). In short, "[i]f the amount of money is large or disproportionate, this factor weighs against default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014).

Plaintiff request $1,986,803.57. ECF Nos. 11-13. Based on the facts, the principal amount based on Plaintiff's allegations is $1,941,000.00. ECF Nos. 1; 11-1 at 2. The additional costs include prejudgment interest in the amount of $35,228.71, filing fees of $405, service fees of $429.30, attorneys' fees of $9,563 and miscellaneous costs of $177.56. ECF Nos. 11-1 at 2; 12; 13.

The prejudgment interest is calculated as stated in the Promissory Note. ECF No. 1 at 18-20; *Resol. Tr. Corp. v. First Am. Bank*, 155 F.3d 1126, 1129 (9th Cir.

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 7

1998) (recognizing that prejudgment interest is calculated as specified in a contractual agreement if one exists).  However, postjudgment interest is generally calculated in accordance with federal law, 28 U.S.C. § 1961.  *In re Cardelucci*, 285 F.3d 1231, 1235 (9th Cir. 2002) ("In diversity actions brought in federal court a prevailing plaintiff is entitled to pre-judgment interest at state law rates while post-judgment interest is determined by federal law.")

Under RCW 4.84.330, reasonable attorneys' fees and costs shall be awarded to the prevailing party for actions on contracts or leases.  The promissory note allows for an award of reasonable attorneys' fees.  ECF No. 1 at 18-20.  "In determining the amount of attorney fees to be awarded to the prevailing party, the proper method for calculating a reasonable award of attorney fees is the lodestar method."  *Crest Inc. v. Costco Wholesale Corp.*, 128 Wash. App. 760, 764 (2005).  This approach "sets fees by multiplying a reasonable hourly rate by the number of hours reasonably spent on the lawsuit."  *Id.*  "In addition to the usual billing rate, the court may consider the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case."  *Bowers v. Transamerica Title Ins. Co.*, 100 Wash. 2d 581, 597 (1983).

Three attorneys worked on this case.  ECF No. 12 at 8.  Attorney Olivia Johnston worked 6.2 hours with a rate of $265.00/per hour totaling $1,643.00,

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 8

Attorney Richard T. Wetmore worked 12.40 hours with a rate of $500.000/per hour totaling $6,200.00 and Attorney Stephanie Wiley worked 8.6 hours with a rate of $200.00/per hour totaling $1,720.00.  *Id.*  Defendants did not oppose or respond at all to this motion.  After review, the Court finds these amounts reasonable for an award of attorneys' fees.  The hourly rates and hours worked appear reasonable considering the length and merits of the case.  *See United States ex rel. Savage v. Washington Closure Hanford LLC*, 2019 WL 13169887, at *5 (E.D. Wash. Aug. 27, 2019) ($600/per hour attorney fee was reasonable); *Elliot v. Takhar Collection Servs., Ltd.*, 2013 WL 3884029, at *4 (E.D. Wash. July 26, 2013) ($300/per hour attorney fee was reasonable).

Plaintiff allegedly provided and lost the alleged principal amount of $1,931,000.00 which is a large sum loss to Plaintiff.  Nevertheless, this overall award is a large sum of money.  For that reason, this factor does not weigh in favor of an entry of default judgment.

E.  Possibility of a Dispute Concerning Material Facts

Without Konold's alleged events, it is difficult to determine this factor.  After an entry of default "all factual allegations in the Complaint are taken as true, except those respecting damages."  *Microsoft Corp. v. Lopez*, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7, 2009) (citing *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008)).  Where a plaintiff "has supported its claims

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 9

with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)).

Defendants have not tried to challenge the accuracy of the claims in the complaint and Plaintiff provided some evidence evidencing the promissory note and invoice. ECF No. 1. Nevertheless, if Defendants were to respond, there is a possibility that there could be a dispute of material facts. This factor does not weigh in favor or against an entry of default judgment.

F. Whether the Default was Due to Excusable Neglect

Defendants were properly served and Plaintiff notified Defendants with the intent to file this motion. ECF Nos. 4-6; 8; 9. There is no indication of excusable neglect. This factor weighs in favor of an entry of default judgment.

G. Strong Policy Favoring Decisions on the Merits

As previously stated, policy favors decisions on the merits. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). However, this is not dispositive. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1213 (W.D. Wash. 2014) (citing *Microsoft Corp. v. Lopez*, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7,

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 10

2009)).  Plaintiff has a right to move forward in their case and receive justice.  This factor weighs against an entry of default judgment.

Based on the analysis of the discretionary factors, the Court determines requiring further evidence is in the interest of justice before entering a judgment of this large of a sum.  The additional evidence may include evidence of a joint venture between the parties, Plaintiff's payments to Defendants for the alleged amount, rental payments, correspondence with EISOPIC and Defendants, etc.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Entry of Default Judgment (ECF No. 11) is **DENIED with leave to renew.**

2. Plaintiff is directed to provide a memorandum and additional evidence of the alleged facts to support the elements of Plaintiff's claims on or **before April 15, 2026.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 16, 2026.



THOMAS O. RICE
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 11